UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>ROGER LEE BELL, a/k/a LEE,<br><br>    Defendant. | CRIMINAL ACTION NO. 5:12-100-KKC<br><br><br>**MEMORANDUM<br>OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the Defendant Roger Lee Bell's motion (DE 414) for a sentence reduction based on Amendment 782 to the United States Sentencing Guidelines. The amendment reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses.

Bell pleaded guilty to conspiracy to distribute 28 grams or more of cocaine base, maintaining a place for the purpose of manufacturing/distributing 28 grams or more of cocaine base, distribution of cocaine base, possession of a firearm by a convicted felon, and distribution of 28 grams or more of cocaine base. (DE 362, Judgment). The Court sentenced Bell to a term of 60 months for each charge, to be served concurrently, for a total term of 60 months imprisonment. (DE 362, Judgment).

The distribution of 28 grams or more of cocaine base triggers a mandatory term of imprisonment "which may not be less than 5 years and not more than 40 years." 21 U.S.C. § 841(b)(1)(B). The United States and Bell agree that Bell utilized his residence to sell and produce cocaine base and that Bell was directly involved in the distribution of cocaine base

having a confirmed weight of 95.22 grams. Bell's presentence report found that his total offense level is 25 with a criminal history category of III; therefore, Bell's guideline imprisonment range was 70 to 87 months.

Bell is not entitled to a sentencing reduction pursuant to Amendment 782. A defendant who is subjected to a statutory mandatory-minimum sentence may not benefit from an amendment reducing the Drug Quantity Table offense levels because the statutory mandatory minimum is unchanged and still applies. *See, e.g.*, *United States v. Kelley*, 570 F. App'x 525, 531 (6th Cir. 2014) ("[T]he amendments at issue do not lower [the defendant]'s applicable guideline range, because the statutory mandatory minimum term of imprisonment trumps [the defendant's] otherwise applicable guideline range."); *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009) ("Where a mandatory minimum sentence exceeds the otherwise applicable Guidelines range . . . it replaces the Guidelines range."). Amendment 782 did not reduce the statutory mandatory minimum, and Bell received the minimum sentence pursuant to § 841(b)(1)(B).

Accordingly, the Court **ORDERS** that the defendant's motion for a sentencing reduction (DE 414) is **DENIED**.

Dated April 8, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY